## Toffolo *v.* Marino, Appellant.

*Judgments — Opening judgments — Depositions of witnesses — Conflicting testimony—Discretion of court.*

An order discharging a rule to open a judgment, will not be reversed, on appeal, where it appears that the order was made on conflicting evidence, in the exercise of a sound discretion by the court below, and without manifest error.

Even although the defendant testifies that his signature is a forgery and there is opposing testimony, there is no inflexible rule

which compels the court to open the judgment. In such a case the court should exercise a sound discretion, after a careful consideration of the character and effect of the testimony.

Submitted April 20, 1921. Appeal, No. 63, April T., 1921, by defendant, from judgment of C. P. Fayette County, March T., 1920, No. 412, discharging rule to open judgment in the case of Santo Del Toffolo v. Joe Marino. Before Orlady, P. J., Porter, Henderson, Head, Trexler, Keller and Linn, JJ. Affirmed.

Rule to open judgment. Before Reppert, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*George Patterson* and *W. J. Sangston, Jr.,* for appellant.

*Cottom & Cottom,* for appellee.

Opinion by Trexler, J., July 14, 1921:

The matter came before the court upon a petition to open the judgment. The defendant denied the signing of the note in question. Depositions were taken, and, after hearing, the court declined to grant the prayer of the petition. This court held in Shannon v. Castner, 21 Pa. Superior Ct. 294, that "Though the defendant testifies that his signature is a forgery and there is opposing testimony, there is no inflexible rule which compels the court to open the judgment. Even in such a case the judge should exercise a sound discretion after a careful consideration of the character and effect of the testimony: Roenigk's App., 2 Cent. Repr. 68; Essick's App., 1 Mona. 588." See Augustine v. Wolf, 215 Pa. 558; McCullough v. Kinnan, 31 Pa. Superior Ct. 557; and Tobacco Co. v. Posluszsy, 31 Pa. Superior Ct. 602.

It appears in the case before us that the defendant owed the plaintiff the amount of the note, he having bought some horses from him. The plaintiff testified to the preparation and filling out of the note and that the paper was signed by the son of the defendant at the direction of his father; it appears that the note was put in a Frederickstown bank; that when it became due, notice was sent to the defendant, who, in response, came to the bank where he had an opportunity of seeing the note; and that he offered to pay the interest, which was refused. He also admitted to a disinterested witness that he owed the note. The son denied having signed the note, but the court found that there was similarity between his writing and the signature of the note. There is also evidence that the defendant had a conversation with another witness in regard to the note. We have carefully read the testimony and we have come to the conclusion that under it the defendant is not entitled to have the matter submitted to a jury. The evidence of the plaintiff is corroborated by circumstances and by other evidence to such an extent that the preponderance is decisively in his favor.

The judgment is affirmed.