# Henry's Estate.

*Wills — Probate — Issue d. v. n. — Forgery of signature — Evidence—Experts—Opinion—Act of May 15, 1895, P. L. 69.*

1. On a hearing before the orphans' court on an application for an issue devisavit vel non, opinion evidence standing alone as to the forgery of the signature to the instrument, will not sustain a finding of forgery in the face of the direct and credible evidence of witnesses who saw the signature written.

2. The Act of May 15, 1895, P. L. 69, while declaring the relevancy of expert evidence and its scope where there is a question as to any writing, does not attempt to define its weight.

3. The reference in the act to the submission of the evidence of experts to the jury, refers only to cases on trial before a jury.

4. The weight of opinion evidence on a question of handwriting depends upon the cogency of the reasons given.

5. A variance in a signature is not necessarily proof of its being a forgery. Dissimilitude may be occasioned by a variety of circumstances, by the state of health and spirits of the writer, by the material, by his position, or his hurry or care.

Argued Feb. 6, 1923. Appeal, No. 108, Oct. T., 1922, by D. Ford Henry, Jr., et al., contestants, from decree of O. C. Allegheny Co., May T., 1921, No. 384, refusing issue devisavit vel non, in estate of Annie E. Henry, deceased. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from register of wills. Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Appeal dismissed. D. Ford Henry, Jr., et al., contestants, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*George E. Alter,* with him *George Weil* and *C. William Campbell,* for appellants, cited: Fleming's Est. 265 Pa. 399.

*Samuel McClay,* of *Reed, Smith, Shaw & McClay,* for appellee, cited: Fuller's Est. 222 Pa. 182; McWilliams Est., 259 Pa. 526.

OPINION BY MR. JUSTICE WALLING, February 26, 1923:

Annie E. Henry died at her home in Pittsburgh on July 14, 1920, and a writing, purporting to be her last will and giving her entire estate to her husband, David F. Henry, was duly presented and admitted to probate; therefrom her surviving children, D. Ford Henry, Jr., and Lillian H. Smith, appealed to the orphans' court, praying for an issue devisavit vel non. An answer was filed and testimony taken, upon which that court granted an issue to the common pleas on the question of lack of

testamentary capacity, but refused one on the question of forgery; from which refusal the son and daughter (contestants) brought this appeal.

The paper is typewritten, signed in ink by the name "Annie E. Henry" and purports to have been duly executed by her on March 25, 1919, in the presence of Alice M. Godfrey and H. E. Lineaweaver, who signed as witnesses. Mr. Lineaweaver is and has been for nearly thirty years a practicing member of the Allegheny County Bar, while Mrs. Godfrey has long been his clerk and stenographer. There is nothing to discredit either, and both testified to the making and execution of the will. They were corroborated by Frank P. Hanna, manager of the Hotel Henry, who testified they came to the hotel, informed him they had Mrs. Henry's will and were by him shown to her room, where he heard the attorney read a paper to her which he (Hanna) saw her sign, although he did not personally know it was a will. On the other side, from a familiarity with their mother's handwriting, the contestants expressed the opinion that the disputed signature was not written by her; this was corroborated by a like opinion of bank officials and handwriting experts, who testified from comparison of such signature with others shown to be genuine.

The trial court based its refusal of this issue upon the ground that the opinion evidence, standing alone, as it did, would not sustain a finding of forgery, in the face of the direct and credible evidence. This accords with our decisions. See McWilliams' Estate, 259 Pa. 526; Fuller's Estate, 222 Pa. 182; Masson's Estate, 198 Pa. 636; Douglass's Estate, 162 Pa. 567; Burkholder v. Plank, 69 Pa. 225; Fulton v. Hood et al., 34 Pa. 365. The Act of May 15, 1895, P. L. 69, declares the relevancy of expert evidence and its scope where there is a question as to any writing, but does not attempt to define its weight; while the clause, "And the evidence of such experts respecting the same shall be submitted to the jury as evidence of the genuineness or otherwise of the writing in dispute,"

refers only to cases on trial before a jury. Were the direct evidence discredited, or the opinion evidence strengthened by facts and circumstances, the case might be different. We are not inclined to make the way of the forger easy, but find nothing here to throw doubt upon the conclusion of the trial court.

It may not be amiss to add that the weight of opinion evidence on a question of handwriting depends upon the cogency of the reasons given; here they do not appeal to us as convincing. As stated by Judge GRESHAM in Risley v. I., B. & W. Railway Co., 7 Bissell's Reports 408: "A variance in a signature is not necessarily proof of its being a forgery. Dissimilitude may be occasioned by a variety of circumstances, by the state of health and spirits of the writer, by the material, by his position, or by his hurry or care." Allowance must be made here for the circumstances under which the questioned signature was written; Mrs. Henry was eighty-three years of age, in feeble health, bereaved by the recent death of a son, afflicted with failing sight and suffering from a broken left wrist and, according to the evidence, handicapped by a defective pen. It is not, therefore, surprising that in attempting to write the first name in full, not her usual habit, she deviated from the line and omitted, but later inserted, the "e," or that she began so close to the seal that the last name ran into it, or that the pen was lifted from the paper at some unusual places, or that near the end of the signature there are signs of haste. All of these to our mind are more suggestive of the infirm hand of age than the deft hand of crime; in other words, it seems too clumsy for a forgery. The signature resembles that of Mrs. Henry and the evidence, taken as a whole, does not leave sufficient doubt about it to warrant the granting of an issue. See Tetlow's Estate, 269 Pa. 486; Fleming's Estate, 265 Pa. 399, 406.

The decree is affirmed at the costs of appellants.