## Cramer Oil Burner Company *v.* Ferguson, Appellant.

*Judgments—Opening—Discretion of Court—Appeals.*

On a rule to open a judgment entered on a warrant of attorney, contained in a note, it appeared that the note was given to secure the payment of an oil burner sold by plaintiff to defendant, in accordance with the terms of a written contract. By the terms

of the contract, plaintiff agreed to refund the price of the burner, "upon its return" in case it failed to give satisfactory service, when operated according to instructions. There was some evidence that the burner was unsatisfactory but the only evidence indicating an intention to return the burner was that defendant talked by telephone to an unidentified person in the office of the plaintiff and "asked them to take it out."

Under such circumstances, the Court did not abuse its discretion in refusing to open the judgment.

A petition to open a judgment is an equitable proceeding addressed to the discretion of the Court, and on appeal from the refusal of the lower court to open it the appellate court will examine the record only to determine whether this discretion has been properly exercised.

Argued October 19, 1926. Appeal No. 224, October T., 1926, by defendant, from judgment of C. P. No. 3, Philadelphia County, December T., 1925, No. 9804, in the case of Cramer Oil Burner Company, to use of Lamar Trading Company v. Martha L. Ferguson. Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Rule to open judgment. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The rule was discharged. Defendant appealed.

*Errors assigned,* were to the findings of the Court and the order of the Court.

*Gordon Butterworth* and with him *Bertram P. Rambo,* for appellant.—The Court erred in refusing to open the judgment. Jenkintown National Bank's Appeal, 124 Pa. 337; Jacob v. Corey, 83 Pa. Superior Ct. 605 (1924); Safe Deposit & Trust Co. v. Cassella, 83 Pa. Superior Ct. 255 (1924).

*Abraham Freedman* and with him *Samuel Moyerman,* for appellee.—Cited: Leonard v. Warfield, 70 Pa. Superior Ct. 342 (1918); Spiess v. Mooney, 67 Pa.

Superior Ct. 9, 11; Jenkintown National Bank's Appeal, 124 Pa. 337; Blauvelt v. Kemon, 196 Pa. 128; Kelber v. Pittsburgh National Plow Co., 146 Pa. 485.

OPINION BY CUNNINGHAM, J., March 3, 1927:

Defendant on October 30, 1925, bought an oil burner and accessories from the legal plaintiff for the sum of $573, of which amount she paid $57.30 in cash and gave a judgment note, payable one day after date, to secure the payment of the balance, in accordance with the terms of a contract in writing under which the purchase was made. This judgment note was assigned by the payee, the Cramer Oil Burner Company, to the Lamar Trading Company and judgment was confessed, under the power of attorney therein contained, against defendant on January 19, 1926, for $573.97, debt and interest. The contract of sale contained the following guarantee with respect to the performance of the burner: "Every burner installed and operated according to our instructions is guaranteed to produce the necessary heat at all times, provided the heating system is adequate and sufficient draft procurable. If it fails to do so we agree to refund the price of the burner, valves, piping and pumps and tanks within 30 days from date of lighting burner for heating purposes, upon its return to us." Appellant, defendant below, presented her petition to the proper court, averring in substance that although the burner had been operated in accordance with instructions it had never performed satisfactorily or produced the necessary heat and that she had "notified the said Cramer Oil Burner Company to remove the burner and cancel the contract in accordance with the guarantee"; that the company had not removed the burner and equipment; and that appellant had been obliged to install a new burner, manufactured by a different company, in order to secure satisfactory service. Upon

this petition a rule was granted to show cause why the judgment should not be opened. Depositions were taken by both parties; the court below in an opinion filed discharged the rule, and this appeal followed. In its opinion the court below stated that it was not convinced by the depositions that the unsatisfactory operation of the burner was the result of any defect in the apparatus. Its reasons for discharging the rule are thus stated: ''She [defendant] did not prove by satisfactory evidence that these results were due to a defect in the apparatus or an error in its installation. Her legal duty, even if she was justified in her objections to the oil burner, was to tender its return or demand that it be removed. This she failed to do. Her conversation with an unidentified person over the telephone cannot be regarded as a discharge of this obligation. The burner still remains in her possession although another burner made by a different concern has been installed.'' The assignments of error all relate to the order discharging the rule. We said in Peters v. Alter, App., 89 Pa. Superior Ct. 34, in disposing of an appeal from a refusal to open a judgment entered upon a warrant of attorney, that it is proper to keep in mind that such an application is an equitable proceeding addressed to the discretion of the court; that the judge to whom it is addressed acts as a chancellor; and that appellate courts examine the record only to determine whether this discretion has been properly exercised (Kelber v. Plow Co., 146 Pa. 485; Toffolo v. Marino, 77 Pa. Superior Ct. 281.) In Shannon v. Castner, 21 Pa. Superior Ct. 294, this court held that even when the evidence is conflicting there is no inflexible rule which compels the court to open the judgment and that in such a case the court should exercise a sound discretion after a careful consideration of the character and effect of the testimony. ''It is a mistake to suppose that the court to which the application is made cannot judge

of the weight of the evidence and the credibility of the witnesses, but that every case where there is a conflict of testimony must be sent to a jury": Spiess, App., v. Mooney, 67 Pa. Superior Ct. 9, 11, and cases there cited. Passing by the contention in appellee's brief that the contract, although identified by appellant when her deposition was taken and so marked, was not formally offered in evidence, and the contention that the testimony of the only witness called to corroborate appellant was taken in the absence of counsel for appellee and that this witness was not subsequently produced for cross-examination, neither of which contentions is referred to in the opinion of the lower court, we direct our attention to the real question involved, which is whether the court below abused its discretion in discharging the rule. A careful reading of all the depositions indicates that the trouble with the burner was that it carbonized. There was evidence that the valve was kept "too wide open and it was throwing too much oil into the burner, and she [appellant] was keeping the dampers closed too much." The result of such operation was thus described: "If you get too much oil for your air your air will not give you combustion and you get carbon and soot." The only witness called in behalf of the appellee was the inventor of the burner who is also president of the Cramer Company. He testified that the only thing which prevented appellant from operating the burner successfully was "lack of observation" and failing to pay "attention to what she was told." The expert witness called by appellant stated that the burner was properly installed and that there was nothing defective about the burner as far as it went and that the failure to get proper heating results was due largely to the fact that it carbonized. Under the guarantee above quoted, if the burner failed to produce the necessary heating results, the price was to be refunded "upon its return"

to the company. The only evidence indicating even an intention on the part of appellant to return the burner was to the effect that appellant talked by telephone to an unidentified person in the office of the Cramer Company, whom she described as their stenographer, and "asked them to take it out." It was the duty of the court below to "judge of the weight of the evidence and the credibility of the witnesses" and a majority of the judges of this court are of opinion that the court below did not abuse its discretion in discharging the rule.

The assignments of error are overruled and the judgment is affirmed.