## Mutual Building and Loan Association of Shenandoah *v.* Walukiewicz (et al., Aplnt.).

Submitted April 15, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*James J. Gallagher,* for appellant.

*Chas. E. Berger* and *D. J. Ferguson,* for appellee.

PER CURIAM, June 26, 1936:

An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and addressed to the sound discretion of the court. On appeal we consider only whether the court kept within the bounds of its discretionary power: *Boyd v. Kirch,* 234 Pa. 432; *Newton T. & T. Co.*

*v. Underwood,* 317 Pa. 212; *Kaier Co. v. O'Brien,* 202 Pa. 153, 160. An oath against an oath or a mere conflict of evidence do not warrant the submission of the issue to a jury. The evidence must carry such conviction of truth as to convince the judge that the judgment should be opened and a jury trial awarded: *Mielcuszny et ux. v. Rosol,* 317 Pa. 91. The weight of evidence and credibility of the witnesses are for the judge who sits as a chancellor: *Jenkintown Nat. Bank's App.,* 124 Pa. 337, 344; *Augustine v. Wolf,* 215 Pa. 558, 562.

Teodora Walukiewicz, appellant, in her application to open judgment, stated that she did not sign the bond and that the mark which indicated her signature was forged. The court below found she did sign the bond by making her mark thereon.

Appellant concedes the above principles are those which usually govern an application to open judgment but contends that where the petition is based on forgery a different rule should apply. The exact nature of the rule which she would have us adopt is not clear, but she intimates that in forgery cases the judgment must be opened where there is any conflict of evidence, irrespective of its weight, and the refusal to do so is an abuse of discretion. A similar argument was advanced in *Augustine v. Wolf,* supra, a forgery case, and rejected by this court, which held the usual rule, stated above, applies. There is no inflexible rule requiring the court to open the judgment upon an averment of forgery: *Shannon v. Castner,* 21 Pa. Superior Ct. 294, 320; *Toffolo v. Marino,* 77 Pa. Superior Ct. 281. The distinction between the cases where a defense of forgery is interposed and those where other defenses are set up is discussed in *Austen v. Marzolf,* 294 Pa. 226, where this court ruled that under the defense of forgery the writing itself is of no weight. The burden is on the judgment creditor to prove its genuineness: *Mielcuszny et ux. v. Rosol,* supra; *Levy v. Gilligan,* 244 Pa. 272, 277; *Boyd v. Kirch,* supra.

Appellee met this burden of proof by introducing the testimony of a subscribing witness who said she was present when appellant placed her mark on the bond. There are other corroborative circumstances substantiating this testimony. Opposed to it is the evasive testimony of appellant who not only denied the execution of the bond, but of two other bonds which witnesses affirmed she had signed. There is also the self-contradictory evidence of her son Joseph, the other subscribing witness. Under the circumstances it cannot be said that there was an abuse of discretionary power by the court below in refusing to open the judgment.

Decree affirmed at appellant's cost.