## DeSilver, Admrx., Appellant, *v.* Pennsylvania Trust Company of Pittsburgh et al.

Argued May 12, 1941. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Abraham Pervin,* for appellant.

*Anne X. Alpern,* First Asst. City Solicitor, with her *Wm. Alvah Stewart,* City Solicitor, for appellee.

PER CURIAM, June 30, 1941:

On this appeal, which is from a decree dismissing a bill in equity filed by Edna M. DeSilver, as administratrix of the estate of her deceased husband, Ernest DeSilver, who died March 15, 1931, against Pennsylvania Trust Company of Pittsburgh, now in the hands of the Secretary of Banking, Colonial Trust Company of Pittsburgh and City of Pittsburgh, appellees, to recover possession of securities registered in the name of the decedent and now held by Colonial Trust Company, as trustee of assets delivered to it by Pennsylvania Trust Company to secure the City's account with the latter institution, the principal assignments of error question the competency and sufficiency of the evidence relied upon by appellees to sustain the findings of the chancellor that the securities in question, which are valued at $36,536.25, were not the absolute and unconditional property of the decedent, as averred by appellant, but, as averred by appellees, had been pledged by him as collateral security for an indebtedness to the Pennsylvania Trust Company evidenced by thirteen notes totalling $52,378.25.

Conceding that the burden of proof was upon appellees to establish the validity of the notes *(Boyd v. Kirch,* 234 Pa. 432, 434; *Austen v. Marzolf,* 307 Pa. 232, 235), and despite the testimony of appellant's hand-

writing experts, which was met by the testimony of an equal number of qualified experts, called by appellees, that the notes were genuine and which, in any event, would not, of itself, have warranted a finding of forgery (*Henry's Estate,* 276 Pa. 511, 513; *McWilliams's Estate,* 259 Pa. 526, 532; *DeLaurentiis's Estate,* 323 Pa. 70, 76), we are not convinced that the evidence adduced by appellees, which is set forth in detail in the adjudication of the chancellor and need not be repeated here, was not sufficient, both in character and amount, for the purpose offered, or that any of the chancellor's findings and conclusions was clearly erroneous. These findings and conclusions, which were approved by the court en banc, are, consequently, affirmed. As to the remaining assignments of error, which complain of certain rulings on evidence and of the refusal of the court below to reopen the case on the ground of alleged after-discovered evidence, it is sufficient to state that we find no substantial merit in any of them and that, upon a review of the whole record, we all agree that the decree appealed from must be affirmed.

Decree affirmed at appellant's cost.