Carlson, Appellant, v. Sherwood.

Argued October 7, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Elton F. Carlson,* for appellant.

*Richard W. Mutzabaugh,* with him *Mutzabaugh & Mutzabaugh,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 5, 1965:

This is an appeal from an order in the court below opening a judgment entered by virtue of a warrant of attorney included in a promissory note. The order will be reversed.

The judgment involved was entered on August 27, 1942, upon a note dated January 1, 1941. The petition to open, alleging forgery of the note, was not filed until April 11, 1963. During the intervening years, the judgment was revived on three separate occasions by the issuance of writs of scire facias sur judgment, which were duly served upon the judgment debtor by the sheriff. In one instance, the judgment was renewed by an *amicable action* to revive.

A party who relies on fraud or forgery has the burden in the first instance of proving the facts upon which the alleged fraud or forgery is based, and these facts must be established by evidence that is clear, direct, precise and convincing: *Sterling E. & F. Co. v. Peterson,* 409 Pa. 435, 187 A. 2d 285 (1963). The evidence offered in support of opening the judgment hardly meets this test and leaves much to be desired.

288

When asked by his counsel if it were his signature on the note, the petitioning judgment debtor answered, "I would say no." To a further question inquiring whether or not he had signed the note, his answer was, "I *don't think* I ever did sign it." (Emphasis supplied.)

This uncorroborated testimony is certainly less than clear, direct, precise and convincing, and is especially so when considered with the following additional facts disclosed by the record.

The petitioner admittedly learned of the existence of the note and judgment during the latter part of 1942. In explanation of the delay of more than twenty years in asserting the alleged forgery, he testified that upon gaining this knowledge he immediately consulted an attorney (who later became a judge); that the attorney went with him to the courthouse to see the note; that this attorney didn't advise him to do anything, despite the fact that the judgment debtor then told him that the note was a forgery; that, not knowing what to do, he took no action. Such testimony certainly taxes one's credulity. Where one delays in asserting a defense to an obligation evidenced by a judgment entered on a note for an extended period of time without reasonable explanation for the delay, there is an inference that the defense is not presented in good faith: *Horn v. Witherspoon,* 327 Pa. 295, 192 A. 654 (1937).

Again, on cross-examination, the petitioner admitted that in March 1953, he received a letter from the judgment creditor's attorney about the judgment indebtedness, and that he agreed to try to obtain a bank loan to pay off the debt or, in lieu thereof, to pay $75 monthly on the indebtedness. No allegation of forgery was then spoken.

Another important fact must be noted. The judgment involved was revived on March 27, 1953, by an *amicable action.* Nowhere in his testimony does the

petitioner state or even hint that he did not sign this amicable writ.

While a petition to open judgment is addressed to the sound discretion of the trial court, and its order thereon will not be reversed on appeal unless a clear abuse of discretion is manifest (*Nadolny v. Scoratow*, 412 Pa. 488, 195 A. 2d 87 (1963), and *Kweller v. Becker*, 338 Pa. 169, 12 A. 2d 567 (1940)), we have no hesitancy in concluding that the lower court abused its discretion.

Petitioner-appellee urges that the holder of the judgment failed to meet the burden of proving the genuineness of the signature on the note. It is true that where a judgment on a note is attacked on the ground of forgery, the note itself is of no weight and from its mere existence no presumption of valid execution arises: *Yank v. Eisenberg*, 408 Pa. 36, 182 A. 2d 505 (1962). Under such circumstances, the burden of proof shifts to the judgment holder to establish the genuineness of the signature on the note. However, these principles apply only where the judgment debtor offers clear, direct, precise and convincing evidence in the first instance[1] that the signature is a forgery. This, of course, is not the case here.

Order reversed.

---

[1] Statements of the general principles relating to an alleged forgery of a written instrument, expressed in *Yank v. Eisenberg*, supra (and in several cases cited therein), which failed to enunciate this distinction are inapplicable because the evidence produced by the judgment debtor in those cases had satisfied the debtor's primary burden of proof.