Industrial Valley Bank and Trust Company *v.*
Ply-Mar Furniture and Carpet Company,
Inc. (et al., Appellant).

Argued September 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Jack A. Rounick,* with him *Moss, Rounick and Hurowitz,* for appellant.

*Lewis H. Gold,* with him *Peter J. Cianci,* and *Adelman and Lavine,* for appellee.

OPINION BY HOFFMAN, J., November 13, 1969:

This is an appeal from the order of the lower court discharging a rule to open judgment.

Appellee, Industrial Valley Bank and Trust Company ["Bank"], entered a judgment upon a note containing a confession clause, in the Court of Common Pleas of Montgomery County against Ply-Mar Furniture and Carpet Company, Inc., A. Joseph Galanti, and Mary V. Galanti, his wife. The judgment note purportedly was signed by Mary V. Galanti as president of the Company and individually.

Mary V. Galanti filed a petition to open judgment, alleging that she had never executed the signatures on the note purporting to be hers. A rule was granted upon the Bank to show cause why the judgment should not be opened.

Depositions were taken of Mary V. Galanti and her husband, both of whom testified that the signatures were not hers. No evidence was presented by the Bank to establish the genuineness of the signatures.

The court below denied the petition to open judgment and discharged the rule. This appeal followed.

Where a judgment entered on a note is attacked on the ground of forgery, the note itself is of no weight in establishing its genuineness. *Kaier v. O'Brien,* 202 Pa. 153, 51 A. 760 (1902); *Levy v. Gilligan,* 244 Pa. 272, 90 A. 647 (1914); *Austen v. Marzolf,* 294 Pa. 226, 143 A. 908 (1928); *Mutual B. & L. Ass'n. v. Walukiewicz,* 322 Pa. 240, 185 A. 648 (1936); *Yank v. Eisenberg,* 408 Pa. 36, 182 A. 2d 505 (1962). Thus, when a note is attacked, the party offering the note must come forward with evidence of its genuineness. *Boyd v. Kirch,* 234 Pa. 432, 83 A. 366 (1912); *Levy v. Gilligan,* supra; *Mutual B. & L. Ass'n. v. Walukiewicz,* supra; *Yank v. Eisenberg,* supra. Where affirmative evidence of forgery remains uncontradicted, however, the judgment must be opened. Compare *Kaier v. O'Brien,* supra; *Yank v. Eisenberg,* supra; with *Carlson v. Sherwood,* 416 Pa. 286, 206 A. 2d 19 (1965).

In *Yank,* judgment was entered against a wife on a note purportedly signed by her. Both she and her husband testified that her signature was a forgery. The husband's testimony was somewhat weakened by a prior inconsistent statement but no evidence of genuineness was offered. Upon these facts, the lower court refused to open judgment.

On appeal, the Supreme Court concluded as follows: "It is to be noted that there is no testimony whatsoever that the signature 'Bessie Eisenberg' [the wife] on the note is the genuine signature of Bessie Eisenberg. On the other hand, there is the testimony of both Eisenbergs that Bessie Eisenberg did not sign the note, although Jacob Eisenberg's [the husband's] testimony in this respect is seriously weakened by his previous [inconsistent statement].

. . .

". . . It was clearly the burden of Yank [the holder of the judgment] to prove that the signature 'Bessie Eisenberg' on the note was a genuine signature of Bessie Eisenberg. That burden has not been met. There is not a scintilla of evidence, either by way of substantive proof or expert testimony, that Bessie Eisenberg actually signed this note or that the note was signed by someone authorized to do so on her behalf. . . . Under the instant factual situation Yank did not meet the burden of proof imposed upon him to prove the genuineness of the signature of Bessie Eisenberg and the court below in refusing to open the judgment abused its discretion." *Yank v. Eisenberg,* supra at 39-41.

The decision in *Yank,* moreover, was in accordance with the earlier holding in *Kaier v. O'Brien,* supra. In *Kaier,* judgment was entered against two sureties on a bond purportedly signed by them. The sureties were deceased when the judgment was attacked, but several witnesses came forward to testify that the signatures were forged. Members of one surety's family also came forward to testify that the surety had not signed the bond. No evidence of genuineness was offered by the judgment holder. Nonetheless, the lower court refused to open judgment. On appeal, the Supreme Court reversed the lower court and made absolute the rule to open judgment.[1]

The instant case is governed by both *Kaier* and *Yank.* Appellant testified that her purported signatures were forgeries. Her husband corroborated this fact. Their testimony was not shaken, nor did the Bank

---

[1] In *Carlson v. Sherwood,* supra, the petitioner's evidence of forgery was very weak. He said that he did not think he signed the note, yet admitted having signed a writ of amicable action, reviving the note. No one corroborated his testimony that he had not signed the note. Moreover, he waited twenty years before attacking the note. Thus, *Carlson* is distinguishable on its facts from *Kaier, Yank* and the instant case.

offer evidence to the contrary. On this record, the lower court was bound to open judgment and abused its discretion in refusing to do so.

The order discharging the rule to open judgment is reversed and the rule made absolute.

WRIGHT, P. J., would affirm on the opinion of LOWE, J.