## Tarr et al., Appellants, *v.* Robinson et al.

*Gift—Acceptance—Implied benefit—Burden of proof.*

Upon the ground of implied benefit, the assent to a gift by a donee will be presumed; and the title will vest eo instanti the gift is made, even though he be ignorant of the transaction, and will continue in him until he rejects it. The burden of proof in such a case is on those who allege refusal to accept.

*Ejectment—Sheriff's sale—Title—Inquiry—Gift.*

In an action of ejectment, it appeared that the land in question had been devised to testator's son upon his paying to the estate a certain amount per acre. There was evidence that the son refused to accept the devise. By the will the executors were directed to retain possession of the testator's real estate until all of his debts were paid out of the income. While the executors were still in possession, the land was sold under a judgment against the son to whom it had been devised. *Held*, that it was the duty of the purchasers to have made inquiry as to the condition of the title, and if such inquiry would have led to knowledge of the refusal by the devisee to accept the devise they would have been concluded.

*Evidence—Competency of witness—Interest—Act of 1887.*

In the above case defendants claimed title under the purchaser at the sheriff's sale, who was dead at the time suit was brought. The son to whom the land had been devised was a party plaintiff, but at the trial he disclaimed, and suffered a nonsuit. *Held*, (1) that the son was a competent witness, to prove that he had never accepted the devise; (2) that loose declarations of the devisee, made in the absence of the parties interested, claiming ownership of the land, were not competent evidence to prejudice the rights of plaintiffs; (3) that one of the defendants called to testify to the declarations of the devisee was incompetent, certain of the residuary devisees of the testator being dead at the time of the trial.

Argued Oct. 5, 1893. Appeal, No. 142, Oct. T., 1893, by plaintiffs, Catharine Tarr et al., from judgment of C. P. Westmoreland Co., May T., 1890, No. 575, on verdict for defendants, Matilda Robinson et al. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment. [Cf. Gilbert's Ap., 85 Pa. 347, for construction of will.]

At the trial, before WHITE, P. J., of the 40th judicial district, specially presiding, it appeared that James R. Tarr died in 1864, leaving a will by which he devised a portion of his farm " to my son, Melker Tarr, at thirty dollars per acre, the proceeds

to be equally divided and paid to the rest of my children, in the same manner that they are to be paid by James R. Tarr and Rose Husband and to the same ones." Testator by previous clauses in his will had made similar devises to James R. Tarr and Rose Husband. The executors appointed by the will renounced, and letters of administration with the will annexed were issued to William G. Husband, testator's son-in-law, and James R. Tarr, one of his sons. The administrators went into possession of the real estate, in compliance with a direction in the will requiring the executors to rent the real estate until all of testator's debts were paid. Plaintiffs gave evidence tending to show that Melker Tarr refused to accept the devise made to him. In 1870, while the administrators were still in possession of the land, the thirty acres devised to Melker Tarr were sold by the sheriff on a judgment against him, and bought by E. J. Keenan for five dollars, under whom defendants claimed. At the time of the trial Keenan was dead, and certain of the residuary devisees of the testator were also dead. Melker Tarr was one of the plaintiffs of record, but at the trial he disclaimed, and suffered a nonsuit.

Under objection and exception Melker Tarr was rejected as a witness for plaintiffs to prove facts occurring prior to the death of Keenan. [1, 2]

When Samuel H. Null, one of defendants, was on the stand, defendants' counsel proposed to prove by him that about the summer of 1868, in a conversation with Melker Tarr, the latter told him that he was the owner of the thirty acres of land which is the subject of this controversy, or words to that effect, and that the same had come to him under the will of his father; this for the purpose of contradicting the testimony of the plaintiffs already given, and for the further purpose of showing, in corroboration of the other testimony of the defendants, that Melker Tarr had accepted the devise in his father's will.

Plaintiffs object to the offer for two reasons : first, that it is irrelevant; second, he is one of the defendants in the action, and part of the offer here could not be evidence under any circumstances. Objection overruled and exception. [5]

The witness testified substantially as in the offer.

The court charged in part as follows :

[" This case, however, was tried in this way : the plaintiffs

showed ownership of this land by James R. Tarr's will in ques-
tion, and then accompanied it with evidence to show it went
into this residuary clause by showing that Melker Tarr never
accepted it.   Of course in that case it was primarily incumbent
upon the plaintiffs to show a prima facie case of nonacceptance;
the burden of proof primarily was upon them in making out
their case to show nonacceptance.] [3]

[" Now, gentlemen, we have answered all the legal proposi-
tions submitted, and the question comes down for you to de-
cide, did Melker Tarr or not accept this devise ?   If he did not,
then your verdict should be for the plaintiffs for the fractional
part of the land as appears in the paper which we will send out.
If he did accept it, then your verdict should be for the defend-
ants.    From all of the testimony it is a question entirely for
you to determine."] [4]

Verdict and judgment for defendants.   Plaintiffs appealed.

*Errors assigned* were among others (1, 2, 5) rulings on evi-
dence; (3, 4,) instructions, quoting bills of exceptions, evidence
and instructions.

*Paul H. Gaither, H. P. Laird, J. B. Keenan* and *J. H. March-
and* with him, for appellants, cited: Wengert v. Zimmerman,
33 Pa. 508; Gilbert's Ap., 85 Pa. 347; Bennett v. Hethering-
ton, 16 S. & R. 193; Kifer v. Brenneman, 1 Pa. 452; Ott v.
Houghton, 30 Pa. 451; Ferree v. Thompson, 52 Pa. 353; Sheetz
v. Hanbests, 81 Pa. 100; Dixon v. McGraw Bros., 151 Pa. 98;
Clever v. Hilberry, 116 Pa. 431; Parry v. Parry, 130 Pa. 94;
Palmer v. Farrell, 129 Pa. 162; act of May 23, 1887, P. L.
158.

*James S. Moorhead, John B. Head* with him, for appellees,
cited: 4 Kent, 533; Brownfield v. Brownfield, 151 Pa. 565;
Sutherland v. Ross, 140 Pa. 379; Duffield v. Hue, 129 Pa. 94;
Langer v. Felton, 1 Rawle, 141.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 30, 1893:

It is now too well settled to admit of question that, upon the
ground of implied benefit, the assent of a donee will be pre-
sumed; and the title will vest eo instanti the gift is made, even

though he be ignorant of the transaction, and will continue in him until he rejects it.   Hence the burden of proof is on those who allege refusal to accept: Skipwith v. Cunningham, 8 Leigh, 271; Read v. Robinson, 6 W. & S. 329; Jackson's Ap., 126 Pa. 105.   As between Melker Tarr, the devisee in this case, and the residuary devisees, this burden would have been sustained by a simple verbal disclaimer, consistent of course with his other conduct, made to the administrators with the will annexed, who had possession and who represented all parties beneficially interested; and as there is no middle ground between acceptance and refusal, such disclaimer must have been final not only as between these parties but as to all those who claimed under them with notice.   But assuming such disclaimer to have been made, were the purchaser at the sheriff's sale and those who claimed under him concluded by it?   " The rule of caveat emptor applies to a purchaser at a judicial sale; but he is not bound to see what is not to be seen.   He is protected by the recording acts; and secret defects in a title apparently good are to him no defects at all.   Notice may be by record, by possession, or it may be given directly to the person sought to be charged with it either by writing or verbally: " Banks v. Ammon, 27 Pa. 172; Dickinson v. Beyer, 87 Pa. 274; Lance v. Gorman, 136 Pa. 200.

There is certainly nothing in the record in this case to give notice of any defect in the title of Melker Tarr.   The devise to him is absolute on its face.   There is no condition nor alternative attached to indicate an intention on the part of the testator to put him to an election.   Like innumerable other wills of record, this would naturally give rise to a presumption of acceptance, because apparently beneficial to the devisee, so strong that no one would think of further inquiry.   It is not claimed that there was any other record notice.

The possession of the administrators was not necessarily inconsistent with acceptance of the devise by Melker Tarr; for, by the terms of the will, his possession, if he had taken under it, must have followed theirs.   But it was the part of common prudence, and therefore the duty (Walsh v. Stille, 2 Parsons, 17) of intending purchasers to inquire of the administrators, who were trustees in custody of the land representing all parties interested, the probable duration of their possession; and that

inquiry must necessarily lead to knowledge of the real status of the title; for the administrators would have been in good faith bound to furnish as full information to those who dealt with their cestuis que trust as to the cestuis que trust themselves. Even as between strangers, there is no principle better settled than that "if one suffers another to purchase and expend money on a tract of land, and knows that that other has a mistaken opinion respecting the title to it, and does not make known his claim, he shall not afterwards be permitted to set up a claim to that land against the purchaser." Silence is a fraud when it is a duty to speak. Trustees cannot keep silence when the preservation of trust rights is involved; and it must be assumed that these trustees would have spoken. It having been then the duty of these defendants before purchasing to make inquiry of the administrators, they would have been affected with notice of the result of such inquiry so far as title was involved, whether within their original purpose or not: McKee v. Perchment, 69 Pa. 342. If it would have led to knowledge of refusal by Melker Tarr to accept the devise they would have been concluded.

Melker Tarr was clearly a competent witness. Assuming that he was a "remaining party" to the "thing or contract in action," he not only had no adverse interest but no interest whatever in the event of the action. He would "neither acquire nor lose a right, nor incur a responsibility which the law recognizes." Dickson v. McGraw, 151 Pa. 98, which practically overruled Duffield v. Hue, 129 Pa. 94, has since been followed by Gerz v. Weber, 151 Pa. 396, and Smith v. Hay, 152 Pa. 377, and has settled the construction of the act of 1887 in accordance with this view.

Loose declarations of Melker Tarr, made in the absence of the parties interested, claiming ownership of the land now in dispute, were not competent evidence to prejudice their rights. The main issues were whether or not (1) he had accepted or refused the devise; and (2) if he had refused, had the defendants notice of the fact; and the evidence should have been directed accordingly.

The ex parte declarations of Melker Tarr being incompetent to prejudice the rights of plaintiffs, the testimony of Samuel H. Null was to that extent incompetent. He was an incompe-

tent witness as against those parties, in whose presence declarations may have been made, who have since died; for not only "surviving or remaining" parties, but, by the express terms of the act of 1887, "any other person whose interest shall be adverse to the right of the deceased party," is excluded; and his interest here was certainly "adverse."

Judgment reversed and a venire facias de novo awarded.