## F. H. Massey, Appellant, *v.* William Blair.

*Judgments—Opening judgments—Discretion of court.*

The action of the common pleas in opening a judgment will not be reversed, except for manifest error.

*Judgment—Opening judgment.—Building contract.*

On a rule to open a judgment the defendant claimed that the note upon which judgment was entered was made to raise money to carry on a building operation in which he and the plaintiff were jointly interested; that it was agreed between them that upon the completion of the operation the defendant was to convey to the plaintiff sixteen of the houses, and was to receive from him the said note and other obligations which he had given; that he had offered to convey and had tendered a deed on the condition agreed upon, and that the tender had been refused by the plaintiff. Plaintiff claimed that certain debts against the houses were to be paid by defendant before he was entitled to have the notes delivered back. The evidence on this question was conflicting. The defendant afterwards conveyed the houses to a third party. *Held*, (1) that an issue was properly awarded to determine the validity of the judgment; (2) that the fact that the defendant conveyed the houses to a third party and thus put it out of his power to comply with the terms of the written agreement did not make him unconditionally liable on the judgment, inasmuch as his conveyance of the houses in discharge of claims was in the interest and for the relief of both parties.

Argued March 31, 1896. Appeal, No. 99, Jan. T., 1896, by plaintiff, from order of C. P. No. 2, Phila. Co., March T.,

1895, No. 838, making absolute a rule to open judgment. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment entered upon a warrant of attorney contained in a note.

From the record it appeared that plaintiff and defendant were interested in a building operation. Plaintiff advanced money, taking the judgment notes of Blair, who held the title to the real estate. On October 26, 1894, the following agreement had been executed between plaintiff and defendant: ·

" This agreement made the Twenty-sixth day of October A. D., 1894, between William Blair and Frank H. Massey, for the properties on the west side of Twentieth Street, South of York Street.

" Whereas the title is now in the name of William Blair, it is agreed between said parties as follows : That the said William Blair as his share of the profits of said operation, is to keep title to No. 2343 North Twentieth Street, and the five vacant lots, together with all frames on the ground, and all cellar gates and all mouldings and other materials and doors now on the ground, and the title to the balance of the houses the said William Blair agrees to make, transfer by deed to Frank H. Massey, and transfer all policies of fire insurance belonging to said properties in consideration of certain judgment notes now held by the said Frank H. Massey, which are to be surrendered to the said William Blair as soon as said title is transferred."

Defendant testified that he had offered to convey and had tendered a deed to plaintiff on the condition agreed upon in the written instrument, and that the tender had been refused by plaintiff. The plaintiff claimed that certain debts were to be paid by the defendant before he was entitled to have the notes delivered back. This was denied by defendant and the testimony on the subject was conflicting. Defendant subsequently conveyed the houses to a third party.

The court made absolute a rule to open judgment.

*Error assigned* was above order.

*E. O. Michener*, for appellant.

*Lewis Stover*, for appellee.

OPINION BY MR. JUSTICE FELL, May 28, 1896:

The assignment of error relates to the action of the court in making absolute a rule to show cause why a judgment entered upon a judgment note given by the defendant should not be opened. It is averred in the petition upon which the rule was granted that the note was made by the defendant to raise money to carry on a building operation in which he and the plaintiff were jointly interested; that it was agreed between them that upon the completion of the operation the defendant was to convey to the plaintiff sixteen of the houses, and was to receive from him the said note and other obligations which he had given; that he had offered to convey and had tendered a deed on the condition agreed upon, and that the tender had been refused by the plaintiff.

The dispute between the parties which prevented a settlement of their affairs at the time, and which has given rise to this controversy, related to the payment of debts against the houses. The plaintiff claims that certain debts were to be paid by the defendant before he was entitled to have the notes delivered back. This is denied by the defendant. The written agreement between them is silent upon the subject. The testimony was conflicting and an issue was awarded.

The finding of the learned judges who heard the case should not be disturbed except for manifest error. They are nearer to the parties and to the subject-matter of the dispute, and are thus in a better position than we are to reach a correct conclusion from the conflicting testimony, and nothing short of a clear abuse of discretion would justify a reversal of their order. The fact that the defendant afterward conveyed the houses to a third party, and thus put it out of his power to comply with the terms of the written agreement, does not make him unconditionally liable on the judgment note. If the agreement was, as it appears to be, for the division of the profits of a joint venture, and if the plaintiff refused to carry it out according to the understanding of the parties, the defendant was not bound to retain the title to the houses indefinitely. His conveyance of them in discharge of claims was in the interest and for the relief of both parties. The order of the court is affirmed.