## Zajaczkowski, Appellant, v. Jawer.

*Judgment—Opening judgment—Discretion of court—Consideration—Blanks in note.*

A proceeding to open a judgment is an appeal to the equity powers of the court; a judge, exercising the functions of a chancellor, is vested with the discretion to pass upon the weight of the evidence and credibility of the witness, and to dispose of the questions presented upon equitable principles. The action of the court below will only be reversed in such cases where the abuse of judicial discretion is apparent.

The appellate court will not review the discretion of the lower court in making absolute a rule to open a judgment, where the defendant avers in his petition that the note on which the judgment was entered was without any consideration, was given to another party, was altered after delivery, and was not intended to create any liability, and the plaintiff in his answer merely avers that the note was given for a good and valuable consideration, without stating the consideration; and that blanks in the note left unfilled at the time of delivery, had been filled in afterwards in accordance with authority given by the defendant.

Argued Dec. 10, 1907. Appeal, No. 194, Oct. T., 1907, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1907, No. 2,034, making absolute rule to open judgment in case of Stanislaw Zajaczkowski v. A. E. Jawer. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to open judgment.

*B. D. Oliensis,* for appellant.

*Alfred Aaron,* with him *Henry N. Wessel,* for appellee.

OPINION BY ORLADY, J., July 15, 1908:

The court below made absolute a rule to open a judgment

for $100, which had been entered on a single bill under seal, dated May 3, 1907; which action by the court is the only error assigned.

The defendant alleges that when the note was signed by him, the only entries in writing on the printed form were "$100.00," and "May 3," and that after delivery to one Bernard Mialistzkey, the name of the plaintiff was inserted as payee, and the words "dollars," "do empower," "I," "me," and "ten" were inserted in the several blanks to make the note an intelligible writing and to provide for the amount of attorney's commissions. The defendant further alleges, "that he received no consideration from the said Bernard Mialistzkey for the said note, and that it was not intended to create any liability against the petitioner."

The answer filed by the plaintiff averred that the note was given to him by the defendant; that he had received a true, good and valuable consideration for the same; and that the blanks, left unfilled at the time of delivery, were accompanied with authority to fill the blank spaces "in accordance with the purposes for which this note was given and the purport thereof," and that said blank spaces were filled out by virtue of said authority; and that there was no alteration or change in the form as originally contemplated by the defendant when he executed the said note.

It is apparent on examination of the petition and answer that the whole transaction is not disclosed, and that the plaintiff is designedly withholding the true facts in regard to it. Assuming that the petition was sufficient to warrant the court in granting the rule to open the judgment, the answer, as filed by the plaintiff, is so manifestly evasive in not averring the real consideration for the note, as well as the purpose of its execution, that the court below was fully warranted in treating the plaintiff's judgment with suspicion. No testimony was taken, and in order to sustain the judgment, the court below would be expected to conclude, as a chancellor, that the note was for a good consideration, and that the maker had directly or inferentially authorized the plaintiff to fill in the blank spaces as they are now presented. In order to arrive at this

·conclusion, the court should be impressed with the truth and ˙frankness of the plaintiff's answer, and we see no error in holding the plaintiff to a higher degree of proof and more specific statement of his claim than he submitted in reply to the defendant's petition that the note was without any consideration, was given to another party, and was not intended to create any liability.

The court to which application is made to open a judgment, may judge the weight of the evidence and the credibility of the witnesses, and is not bound, even where there is a conflict of testimony, to send the case to a jury. The whole proceeding resolves itself into the exercise of a sound judicial discretion: Augustine v. Wolf, 215 Pa. 558.

A proceeding to open a judgment is an appeal to the equity powers of the court; a judge, exercising the functions of a chancellor, is vested with the discretion to pass upon the weight of the evidence and credibility of the witnesses, and to dispose of the questions presented upon equitable principles. The action of the court below will only be reversed in such cases where the abuse of judicial discretion is apparent. Where the allegation of forgery is involved, those principles apply with the same force and effect as in other cases: Ilyus v. Buch, 34 Pa. Superior Ct. 43.

The only question before us is whether the court below rightly exercised its discretion on the evidence before it, and applying the well-settled principles announced in the many cases decided in the Supreme and in this court, we see no error in making the rule absolute, and in allowing the parties to thrash out their mysterious controversy before a jury.

The judgment is affirmed.