## Shroyer, Appellant, *v.* Smeltzer.

*Judgment—Opening judgment—Forgery—Evidence—Question for jury.*

1.  A proceeding to open a judgment is an appeal to the equity powers of the court; the judge who exercises the function of a chancellor is vested with the discretion to pass upon the weight of evidence and the credibility of witnesses, and to dispose of the question presented upon equitable principles.    The action of the court below will be reversed only in cases where the abuse of judicial discretion is apparent.    Where the allegation of forgery is involved, these principles apply with the same force and effect as in other cases.

2.  Where the transaction is contrary to good faith, and the fraud affects individual interests only, ratification is allowed, but where the fraud is of such a character as to involve a crime, the adjustment of which is forbidden by public policy, the ratification of the act from which it springs is not permitted.    Forgery does not admit of ratification.

Argued Oct. 28, 1908.    Appeal, No. 59, Oct. T., 1908, by plaintiff, from order of C. P. Bedford Co., Sept. T., 1906, No. 165, making absolute rule to open judgment in case of J. T. Shroyer *v.* M. D. Smeltzer and Jacob Bowser.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to open judgment.

*John H. Jordan,* with him *D. S. Horn,* for appellant, cited: Shannon v. Castner, 21 Pa. Superior Ct. 294; Light v. Sholl, 32 Pa. Superior Ct. 133; Ilyus v. Buch, 34 Pa. Superior Ct. 43.

*Frank E. Colvin,* for appellee, cited: Shannon v. Castner, 21 Pa. Superior Ct. 294.

OPINION BY ORLADY, J., February 26, 1909:
The court below made absolute a rule to open a judgment,

and let the defendant into a defense; it was alleged that the note upon which the judgment was entered did not bear the defendant's signature, either by his own hand, or by his authority. After a full hearing, and consideration of all the testimony in the case, the court below was of the opinion that the case should be submitted to a jury for determination, and in so doing, was fully warranted by many decisions. To reverse the court below in such a case, it must clearly appear that the conclusion reached, based upon all the testimony in the case, was erroneous. The judge to whom the application is made acts as a chancellor, and upon appeal, this court will see only that his discretion has been properly exercised.

It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than oath against oath, is a familiar rule in chancery practice. When there is more than that and it comes to a question of weight of the evidence, it is for him to decide to which side the scale is inclined; if he is in doubt upon this question, or as to the credibility of the witnesses, a prudent course would suggest the aid of a jury. As stated by Judge Porter, in Ilyus v. Buch, 34 Pa. Superior Ct. 43, a proceeding to open a judgment is an appeal to the equity powers of the court; the judge who exercises the function of a chancellor is vested with the discretion to pass upon the weight of evidence and the credibility of witnesses, and to dispose of the question presented upon equitable principles. The action of the court below will be reversed only in cases where the abuse of judicial discretion is apparent. Where the allegation of forgery is involved, these principles apply with the same force and effect as in other cases: Zajaczkowski v. Jawer, 36 Pa. Superior Ct. 324.

The testimony in this case is so conflicting, and the inferences to be reasonably drawn from admitted facts are of such a nature that in order that substantial justice be done to the parties, the case should be referred to a jury for solution. Where the transaction is contrary to good faith, and the fraud affects individual interests only, ratification is allowed, but where the fraud is of such a character as to involve a crime, the adjustment of which

is forbidden by public policy, the ratification of the act from which it springs is not permitted. Forgery does not admit of ratification: Shannon v. Castner, 21 Pa. Superior Ct. 294; see Thornton v. Meyers, 30 Pa. Superior Ct. 472; Schomaker v. Dean, 201 Pa. 439; Kaier Company v. O'Brien, 202 Pa. 153; Massey v. Blair, 176 Pa. 34.

The assignment of error is overruled and the judgment is affirmed.