# Fox, Appellant, v. Loller.

*Appeals—Opening judgment—Review.*

1. The judge of the common pleas is in the best situation to reach a correct conclusion from conflicting testimony upon a rule to open a judgment, and his order opening a confessed judgment will not be reversed except for manifest error.

*Judgment—Promissory notes—Judgment by confession—Fraud—Findings of fact.*

2. An order opening a judgment entered by confession based on a finding that the testimony tended to establish a combination on the part of the plaintiff and others to obtain notes for large sums without giving real value therefor, is fully justified by evidence that the defendant was an infirm old man, in a measure incapacitated for the intelligent transaction of business; that he had been induced by plaintiff and others to join with them in business enterprises of which he had no knowledge; that his son-in-law, whose business experience was limited and who had joined with plaintiff in some of these enterprises, was his adviser and attorney in fact; and that plaintiff procured from defendant over $11,000 in money and notes for $200 000 in return for worthless stocks.

Argued Oct. 12, 1910. Appeal, No. 53, Oct. T., 1910, by equitable plaintiff, from order of C. P. Green Co., Nov. T., 1903, No. 38, making absolute rule to open judgment in case of A. E. Fox, for the use of John A. Howard, Receiver of the First Citizens' Bank of Cameron, v. Lizzie B. Loller, Administratrix of W. J. Bryan, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to open a judgment entered by confession on a note containing a warrant of attorney. Before HOLT, P. J., specially presiding.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was in making the order opening judgment, which order was as follows:

"Now, December 30, 1909, this case came on to be heard on petition, answer and evidence taken upon rule, and after argument of counsel, upon due consideration, it is ordered, adjudged and decreed that the judgment in this case be and the same is hereby opened and the administratrix of the estate of W. J. Bryan, the defendant, is let into a defense. It is further ordered that the note as filed shall stand in lieu of a declaration, and that the petition to open judgment shall stand in lieu of an affidavit of defense, and that the case shall upon the entry of a plea by the defendant be at issue without further pleadings on the part of either party, and that the issues so made shall be tried by a jury of the country."

*James E. Sayers* and *Walter Lyon*, with them *T. S. Riley* and *Alfred Caldwell*, for appellants.

*D. S. Walton*, with him *W. A. Hook*, for appellee.

PER CURIAM, January 3, 1911:

This appeal is from an order making absolute a rule to open a judgment for $5,000 entered by confession on

a note containing a warrant of attorney. The note was one of ten notes given at the same time and in the same transaction, amounting in all to $82,000. A rule to show cause was granted in each case and the rules were all made absolute. By agreement, the decision in this appeal is to govern all the cases. We have examined the voluminous testimony in support of and against the rules fully enough to ascertain that there was testimony, which if believed, sustains the action of the court. The judge of the common pleas is in a much better position to reach a correct conclusion from conflicting testimony than we are, and his order opening a confessed judgment will not be reversed except for manifest error: Massey v. Blair, 176 Pa. 34.

The main features of the case disclosed by the testimony were these: The defendant was an old man, mentally and physically weak and in a measure incapacitated for the intelligent transaction of business. He was induced by the plaintiff and others associated with him to join with them in a number of business enterprises of which he had no knowledge; his adviser and attorney in fact was his son-in-law, who had joined with the plaintiff and his associates in some of these enterprises and whose business experience and knowledge was such as he acquired in his vocation as a singing school teacher. The net result was that the plaintiff and his associates procured from the defendant $11,000 in money and his notes for over $200,000. He in return received from them nothing but worthless stocks in corporations in which they were interested. The learned judge who heard the case found that the testimony tended to establish a combination on the part of the plaintiff and others to obtain the notes of the defendant for large sums of money without giving any real value therefor. This finding is sustained by the testimony and fully justifies the order made.

The judgment is affirmed.