Welch, Appellant, *v.* Sultez.

584

Argued March 25, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Wm. A. McConnel,* of *Wm. A. McConnel & Sons,* with him *Richard A. McConnel,* for appellant.

*Eugene A. Caputo,* for appellees.

Opinion by Mr. Justice Maxey, May 20, 1940:

The first assignment of error in this record is to the order opening a judgment; the third is to the refusal of plaintiff's motion for judgment on the whole record after the jury disagreed on the trial of the issue: Act of April 20, 1911, P. L. 70, 12 PS sec. 684.

Defendant and his wife gave to plaintiff their judgment note dated October 24, 1934, for $5,100, maturing one day after date with a warrant to confess judgment. On September 11, 1936, judgment was entered against both defendants and on August 10, 1938, a fi. fa. issued. Defendant, George Sultez, then applied to have the judgment opened. His co-defendant, Mrs. Sultez, died in February, 1938, and by her death, the defendant, Sultez, became the sole owner of certain real estate theretofore held by them by the entireties and on which the sheriff levied. The plaintiff is the son of Mrs. Sultez and the stepson of the surviving defendant.

The petition to open the judgment averred that plaintiff "paid no consideration" and that the note "was obtained . . . by fraud and misrepresentations." "SIXTH: That the said Steve Welsh represented to your petitioners that the note was to have been for the purpose of discounting the same, and the proceeds of which were to be used for the purchase of a farm, and further, that he, the said Steve Welsh, would assume to support the said George Sultez, alias George Soltesz, for the remainder of his life, to pay all taxes on the real estate owned by the said George Sultez, alias George Soltesz, and his

wife, and to pay all other household expenses." "SEVENTH: That the said Steve Welsh did not discount the said note, nor did he ever make any effort to do so, nor did he ever purchase a farm or make any effort to purchase a farm, as had been represented by him to the said George Sultez, alias George Soltesz and his wife, nor did he pay the taxes as he had promised to do at the time the note was given by your petitioner, nor did the said Steve Welsh contribute anything towards the support of the said George Sultez, alias George Soltesz, nor ever make any effort to do so."

Plaintiff's answer to these averments was both in fact and law totally unresponsive. The answer discloses *no consideration whatsoever* for this note. It merely states the *conclusion* that there was adequate consideration. We are kept entirely in the dark as to *what* that consideration was. The 6th paragraph of the answer says: "The purpose of the note was based upon consideration known to all parties thereto and that the proceeds were to be used for any purpose that the plaintiff saw fit." The 7th paragraph admits that plaintiff did not discount the note and did not purchase a farm and did not pay the taxes. Plaintiff is *completely secretive* as to the consideration. In the case of *Zajaczkowski v. Jawer,* 36 Pa. Superior Ct. 324, Judge ORLADY, speaking for that court, said: "The defendant further alleges 'that he received no consideration from the said Bernard Mialistzkey for the said note, and that it was not intended to create any liability against the petitioner.' The answer filed by the plaintiff averred that the note was given to him by defendant; that he had received a true, good and valuable consideration for the same; . . . It is apparent on examination of the petition and answer that the whole transaction is not disclosed, and that the plaintiff is designedly withholding the true facts in regard to it. Assuming that the petition was sufficient to warrant the court in granting the rule to open the judgment, the answer, as filed by the plaintiff, is

so manifestly evasive in not averring the real consideration for the note, as well as the purpose of its execution, that the court below was fully warranted in treating the plaintiff's judgment with suspicion. No testimony was taken, and in order to sustain the judgment, the court below would be expected to conclude, as a chancellor, that the note was for a good consideration. . . . In order to arrive at this conclusion, the court should be impressed with the truth and frankness of the plaintiff's answer, and we see no error in holding the plaintiff to a higher degree of proof and more specific statement of his claim than he submitted in reply to the defendant's petition that the note was without any consideration, was given to another party, and was not intended to create any liability. . . . The only question before us is whether the court below rightly exercised its discretion on the evidence before it, and applying the well-settled principles announced in many cases decided in the Supreme and in this court, we see no error in making the rule absolute, and in allowing the parties to thrash out their mysterious controversy before a jury." We are here met with the same proposition: a petition by the defendant showing facts that warrant the conclusion that there was a total failure of consideration for the obligation and the plaintiff's answer "manifestly evasive in not averring the real consideration for the note, as well as the purpose of the execution." The court below in opening the judgment properly held "that the matters set forth in the defendant's petition for rule to open judgment are sufficient." On this state of the record no testimony needed to have been taken to warrant a court in opening the judgment and submitting the question of fact as to the failure of consideration to a jury: *Zajackowski v. Jawer,* supra, and *George v. George,* 318 Pa. 203, 178 A. 25. When the depositions however were taken on the rule to open the judgment, they were taken only in behalf of the defendant although the plaintiff is held "to a higher

degree of proof" since his answer was not responsive. The defendant in the depositions was handicapped in the interpretation of his testimony by an incompetent interpreter, a condition that the court below properly took notice of by reference in its opinion to "his difficulties in communication." These depositions, however, showed that the defendant "never seen a penny" from the plaintiff for "the support of [himself], [his] wife, or for the maintenance of [his] property," and when the plaintiff was called as for cross-examination for the defendant's depositions, while at times he talked of his then deceased mother having "had all receipts for all the money that I gave her," he also, when asked if he gave defendant anything for that note, flatly stated: "No, I didn't give him anything," and when further interrogated whether the defendant signed it willingly or whether he had to use persuasion, stated: "He signed it. I told him my mother had the receipts and *he had to sign it* [italics supplied]." Defendant reiterated what he had already stated in his petition that "when he signed the note" plaintiff promised to keep him "as long as he lived." Defendant testified further that two weeks after he signed the note, the step-son (plaintiff) refused to support him and defendant went around begging groceries and plaintiff said to defendant as to this: "As long as you bring it in it is all right." Defendant testified that plaintiff had not given him a penny in the past four years prior to the making of the depositions in 1939. When one takes into consideration the plaintiff's unresponsive answer, his failure to take depositions to sustain his judgment, and the relationship of the parties, the separation of the mother and step-father when the note was signed, the plaintiff's complete failure to produce or even account for the failure to produce the receipts which he said was in his mother's possession (since they were alleged to be receipts *to him from his mother,* they should have been in *his* possession), the action of the court below in opening the

judgment cannot be adjudged error. See *George v. George,* supra.

Further, when depositions were taken on the rule to open judgment, it was agreed by counsel that "parts admitted in the answer filed by the plaintiff in the petition to open judgment are admitted as evidence." These are the paragraphs above quoted. Since the answer in this case was evasive, as already noted by us, the stipulation agreed to constitutes very strong proof in support of the allegations on which the rule to open judgment is entered.

Plaintiff also testified: "I put all my money into the houses, and he [defendant] knew it." He did not say how much money he put into the houses. He was asked: "How did you arrive at the figure of $5,100.00? A. My mother counted it all up. . . . I put my money into the house, everything I made from 1920 to 1930, outside of buying a car." This testimony was wholly insufficient to rebut the unanswered averments in the petition to open judgment. The evidence as to his earnings is vague and indefinite. Plaintiff was not 21 years of age until 1926 and whatever he earned during his minority belonged in law to his parents. He did not testify that his mother had agreed to give him all his earnings during his minority. If he had attempted to do so, his testimony would, under section 5, clause (e) of the Act of May 23, 1887, P. L. 158, have been incompetent, for his mother was dead at the time the depositions were taken and the defendant, her husband, represented on the record her interest in the subject in controversy. Nor did plaintiff testify that his step-father, the defendant, had made him any such promise. Under the Act just cited and under the Act of June 11, 1891, P. L. 287, where a party to an agreement is dead, and no witness has testified as to an agreement made prior to the death of the decedent, the surviving party to the contract is incompetent to testify as to what took place, i. e., if the surviving party is a witness whose interest is adverse

to the party on the record who succeeds to the rights of the deceased in "the thing or contract in action." See *Tarr v. Robinson,* 158 Pa. 60, 27 A. 859; *Robbins v. Farwell,* 193 Pa. 37, 44 A. 260; *Reiter v. McJunkin,* 194 Pa. 301, 45 A. 46.

As the rule to open judgment was made absolute, the case was tried before a jury. At this trial the testimony was fully developed and the defendant's testimony was taken through the official court interpreter. The jury disagreed and the court refused to enter judgment upon the whole record for plaintiff.

The question raised by the third assignment of error is whether or not the court erred in *so* refusing to enter judgment upon the whole record for plaintiff. This court has repeatedly declared that "on a motion for judgment n. o. v. the testimony should not only be read in the light most advantageous to [the other party], all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence": *Guilinger v. Pa. R. R. Co.,* 304 Pa. 140, 144, 155 A. 293.

: Defendant reiterated in his testimony the averments he made in the application to open judgment that there had been total failure of consideration in that plaintiff's promises to keep him for the rest of his days and to give him a home and to buy a farm and "make him boss" of it were not carried out. He again repeated that the first week after he signed the note he received all the food he needed but that the second week after signing it, he had to go and beg. He said: "I had to go to my sister's home to eat."

There was also evidence on the trial showing the improbability of plaintiff's averment that he had earned enough during the period stated to pay for his own support and maintenance and also to contribute substantially to the purchase of the houses which his mother and step-father owned. In the light of the testimony

offered by defendant, the court would not have been justified in entering judgment upon the whole record for the plaintiff.

The court in its opinion refusing to enter judgment for plaintiff aptly said: "The fraud is in the attempted enforcement of a contract after failure of consideration, which consideration does not appear in the writing, is open to parol explanation, and concerning which the defendant and plaintiff differ in their depositions, *it being admitted that no money or other tangible consideration passed from the plaintiff to the defendant at the time the note was executed and delivered.* [Italics supplied.] The note was given for either a preëxisting obligation of the defendant, or the plaintiff assumed a future obligation to the defendant, which he failed to meet. Consideration and its failure, if any, were, it appears to us, questions for the determination of a jury, by the fair weight and preponderance of the evidence, under proper instructions from the court." The court said further: "It is well established that failure of consideration as against a sealed instrument is a good defense." (Citing *Brauner v. Corgan,* 316 Pa. 196, 173 A. 397; *Cridge's Est.,* 289 Pa. 331, 137 A. 455; and *Anderson v. Best,* 176 Pa. 498, 35 A. 194, and other cases.) The court below in its opinion clearly pointed out: "Plaintiff's answer to the rule went no further than general denials, and failed to disclose the consideration of the note. In *Frey v. Dougherty,* 286 Pa. 45 [132 A. 717], the court said: 'While it is not necessary to set forth in a pleading the evidence by which facts are to be proved, it is essential that such facts as the pleader depends on to show the liability sought to be enforced shall be averred and this the plaintiffs have failed to do.' "

In the case of *U. S. Savings & Trust Co., to use, v. Helsel,* 325 Pa. 1, 188 A. 167, this court affirmed an order of the court below making absolute a rule to open a judgment entered by confession against defendant. Mr. Justice BARNES, speaking for this court, said in that

case: "An application to open a judgment and let the defendant into a defense is an equitable proceeding and one which, as we have repeatedly pointed out, is peculiarly within the sound discretion of the court below, and the action of the lower court in such a proceeding may be reviewed upon appeal only to determine whether or not there has been an abuse of that discretion." In *George v. George,* 318 Pa. 203, 178 A. 25, this court held that where a petition to open judgment entered on a note avers facts showing a failure of the consideration for the note, an answer which baldly denies the allegation as to failure of consideration and avers in general terms merely that defendant is indebted to plaintiff for the full amount of the note, is insufficient, since the averments in such petition are merely conclusions of law unsupported by facts. In *Boyd v. Kirch,* 234 Pa. 432, 83 A. 366, this court affirmed the order of the court below to open a judgment where the defendant testified that he was not indebted to the plaintiff in any amount. Chief Justice FELL, speaking for this court, said: "In view of the unusual character of the transaction testified to by the plaintiff in explaining why the note was made, the judgment was opened. The order is affirmed."

In this case there was obviously a question of fact raised for the determination of the jury and the court below properly decided not to enter judgment upon the whole record for the plaintiff.

The judgment is affirmed.