## McVAY v. AMERICAN RADIATOR & STANDARD SANITARY CORPORATION.

### No. 1064.

District Court, W. D. Pennsylvania.

Feb. 17, 1941.

John H. Sorg, of Pittsburgh, Pa., for plaintiff.

Baker & Watts, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action to recover an attorney's fee was brought in the Court of Common Pleas of Allegheny County, Pennsylvania, and was removed to this court by the defendant on the ground of diversity of citizenship.

The plaintiff, in his statement of claim, alleges that on February 1, 1939, defendant took over all of the assets and assumed all liabilities of the Standard Sanitary Manufacturing Company; that on or about April, 1930, plaintiff entered into an oral contract with the Standard Sanitary Manufacturing Company by which he, as an attorney, was to handle the tax matters of said company, for which he was to receive a retainer of $150 per month, which was later increased to $208.33 per month; "with the further agreement and understanding that he was to be paid further reasonable compensation in all matters involving special treatment by way of conferences with tax authorities, preparation of briefs and other services necessary to the assertion and preservation of the defendant's rights." He further averred, that in pursuance to said oral agreement, he resisted certain assessments made by the Treasury Department of the United States for the years 1928, 1929 and 1930; that in the handling of this litigation, it was necessary for him to attend many conferences and hearings in Pittsburgh, New York and Washington, D. C., and as a result of his efforts (which were concluded in 1937), the Standard Sanitary Manufacturing Company received a refund in the sum of $60,942.73. He alleged further, that the reasonable compensation for said services was $9,141.40, for which amount he brought action, together with interest thereon from July 13, 1937.

Defendant admitted all of the aforesaid allegations except that the amounts aforesaid were retainer fees, and

also, the allegation relative to reasonable compensation for matters involving special treatment by reason of conferences, etc., as averred above. At the trial, defendant submitted a motion for binding instructions on the ground that the evidence does not support a finding of fact that the contract declared upon was actually made. The court submitted to the jury the question whether the alleged oral contract had been made. The jury found a verdict in favor of the plaintiff for the amount of his claim. This action is now before us on defendant's motion for judgment non obstante veredicto and the reserved question of law under the motion for binding instructions submitted by defendant at the trial. Defendant contends that there was not sufficient evidence to submit to the jury for the reason set forth in the motion aforesaid. In Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 233, 74 L.Ed. 720, it is stated:

"A mere scintilla of evidence is not enough to require the submission of an issue to the jury. The decisions establish a more reasonable rule 'that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.' * * *

"Issues that depend on the credibility of witnesses, and the effect or weight of evidence, are to be decided by the jury. And in determining a motion of either party for a peremptory instruction, the court assumes that the evidence for the opposing party proves all that it reasonably may be found sufficient to establish, and that from such facts there should be drawn in favor of the latter all the inferences that fairly are deducible from them."

See, also, Guilinger v. Pennsylvania Railroad Company, 304 Pa. 140, at page 144, 155 A. 293, and Welch v. Sultez et al., 338 Pa. 583, 13 A.2d 399.

Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that: "* * * no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."

Rule 15(b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

■■ As to the evidence in support of the oral contract alleged, we quote the testimony of plaintiff: "Q. Mr. McVay, at the time of your employment by Mr. McKinney upon a monthly basis, was anything said to you with reference to any further compensation to be paid to you, and if so, state as nearly as possible the exact conversation. A. There was. When we had concluded the matter of the monthly amount I was to receive, I said to Mr. McKinney, 'What about any matters involving extended litigation or extended conferences or the preparation of briefs?' And Mr. McKinney said, 'Well, Walter, that will be handled in the same way as it has been handled with the previous firm with which you were connected.' He, as well as I can remember, specifically stated that I would receive additional compensation for such kind of work."

It is not disputed and it is clear, I think, that the service rendered by plaintiff was of the character specified in the alleged oral contract set forth in the statement of claim. It is admitted that Mr. McKinney had authority to make said contract for defendant. It is immaterial that it is alleged in the statement of claim that he was to receive a reasonable compensation for such services, while in his testimony he states he was to receive an additional compensation for such work. I am, therefore, of the opinion that this testimony supported the allegation as to the oral contract alleged in the statement of claim; that such evidence was sufficient to submit to the jury and that the verdict of the jury should not be disturbed.