## Krawitz v. Griggs

*Duane LeBaron,* for plaintiff.
*Leonard N. Zito,* for defendants.

WILLIAMS, *P.J.,* December 9, 1977 —

## FINDINGS OF FACT

1. On June 30, 1966, plaintiff, Edwin Krawitz, Esq., accepted on a contingent fee basis of 45 percent of the amount recovered, representation of defendants in a trespass action filed August 25, 1967, in the Court of Common Pleas of Monroe County to no. 529 May term, 1967.

2. On August 23, 1976, defendants paid plaintiff $250 to cover costs to be incurred in the action.

3. The testimony of Edwin Krawitz, Esq., is that preliminary objections were filed to the complaint and placed prematurely on the argument list. The docket entries show that preliminary objections were filed on September 20, 1967, that counsel stipulated they were praeciped for argument prematurely and for that reason the case was stricken from the argument list. There has been no activity on the record since that date. While the testimony is to the effect that he prepared and forwarded to defendants for execution an amended complaint, no such amended complaint has been filed.

4. On April 12, 1967, a complaint in trespass was filed against Ernest Griggs and Linda Griggs, his wife, to no. 290 February term, 1967, by Mamie Borger, Earl Borger, Clair Costenbader and Larry

Costenbader. Edwin Krawitz, Esq., undertook representation of defendants, Griggs, in that litigation.

5. On March 4, 1970, defendants, Griggs, executed a judgment note in favor of plaintiff Krawitz, in the sum of $2,245 for legal services. Judgment was entered on this note on March 5, 1973 to no. 533 January term, 1973. The record shows that on January 28, 1976, he gave notice to the Griggs by ordinary mail that judgment had been entered on March 5, 1973.

6. There is a substantial dispute of fact between the parties as to which of the two pending cases the note was intended to be given for legal services. Defendants, Griggs, testified that they thought it was to cover legal services in their trespass action against Borger. Plaintiff, Krawitz, testified that it was given to cover legal services rendered in the case of Borger et al. v. Griggs.

7. There is in the record a copy of a letter written by Krawitz to the Griggs, dated February 19, 1970, which refers to the enclosure of a note. No amount is stated. The letter further states, "You will recall the last payment I received was in August, 1967." The only cash payment made was, according to the Griggs' testimony, $250 to cover costs in their suit against Borger.

8. On October 4, 1968, plaintiff's then associate in the practice of law, Cyril D. Higgins, Esq., wrote to the Griggs in a letter captioned, "RE: Griggs v. Borger," that the case was listed for trial for the week of October 14. He stated: "You must immediately call at the office for a conference so that we can prepare for trial." The letter further stated: "It is important that you bring your financial obligation to date."

On April 26, 1968, in a letter captioned, "RE:

Griggs v. Borger," Mr. Higgins advised the Griggs that the case was listed for trial during the second week of May.

On February 3, 1970, in a letter captioned, "Griggs v. Borger, Our File No. 5823," Mr. Krawitz wrote to the Griggs, requesting them to arrange to see him no later than February 16, 1970, to prepare for an additional trial date, February 17, 18 or 19, 1970. At the times these letters were written and up to the present date, the record shows that the case was not in a procedural position for trial. Mr. Krawitz's testimony is to the effect that at times the caption, "Griggs v. Borger" was used, when in fact the letter was intended to refer to the Borger litigation against the Griggs. There is no evidence to show that the Griggs were aware that the letters referred to the Borger v. Griggs litigation.

9. It is the Griggs' testimony that the note was signed only because they understood that their plaintiff litigation was due for trial and that Mr. Krawitz told them he would not represent them if they did not sign the note; that he told them that they would be unable to obtain other counsel because of their inability to pay counsel; that Mr. Krawitz refused to go on with the case unless the note was signed; that the note received in the mail was a blank note; and that when the contingent agreement was mentioned, Krawitz told them that was all out. "That he wouldn't even think about 45 percent no more."

10. The note is dated March 4, 1970. The trial was set for March 5, 1970. On that date it is the testimony of the Griggs that they first learned that it was not their case against Borger, but the Borger case against them that was to be heard.

11. Plaintiff, Krawitz, filed a praecipe for a writ

of execution on the judgment confessed on the note, March 7, 1976.

On March 15, 1976, the Griggs obtained a rule on plaintiff to show cause why the judgment should not be opened and they will be let into a defense. The petition alleges in effect (1) that the execution of the note was obtained under duress and (2) failure of consideration.

## DISCUSSION

The Pennsylvania Supreme Court, on October 4, 1973, effective December 1, 1973, amended Pa.R.C.P. 2959(e), regarding petitions to strike or open judgments, to read as follows:

"The court shall dispose of the rule on petition and answer, and on any other testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced *which in a jury trial would require the issues to be submitted to the jury* the court *shall* open the judgment." (Emphasis supplied.)

Prior to amendment of the rule, an application to open judgment was addressed to the equitable, or discretionary, power of the court, and an order dismissing the application would be affirmed in the absence of abuse of that discretion: International Equity Corporation v. Pepper and Tanner, Inc., 222 Pa. Superior Ct. 118, 293 A. 2d 108 (1972), appeal dismissed for want of a substantial federal question: 409 U.S. 1052, 93 S. Ct. 556, 34 L.Ed. 2d 506 (1972). Now, however, it is the duty of the court to review the proffered evidence in a light most favorable to the applicant and to grant the application if

the evidence is sufficient to prevent a directed verdict against the applicant: First Pennsylvania Bank N. A. v. Weber, 240 Pa. Superior Ct. 593, 360 A. 2d 715, 718 (1976). The effect of the amendment has been summarized by the Supreme Court in Kardos v. Morris, 470 Pa. 337, 341, 368 A. 2d 657, 660 (1977), where Mr. Justice O'Brien said: "The amended rule, effective December 1, 1973, and the comment [of the Civil Procedural Rules Committee] make it clear that equitable considerations are generally no longer relevant[1] [Footnote omitted]. A party need only present evidence which would go to the jury and the court is required to open the judgment. Despite the rule change, a party seeking to open a confessed judgment must still aver a valid defense. Ehnes v. Wagner [388 Pa. 102, 104, 130 A. 2d 171, 172 (1957)], supra."

See also: Somerset Gasoline Company et al. v. Harrington, 29 Somerset 283, 285, 286 (Somerset Co., Sept. 23, 1974); Courshon v. U.S. Heritage, Inc., 71 D. & C. 2d 38 (C. P. Adams Co., Aug. 13, 1975).

We now examine the depositions taken of the parties to the litigation to determine if defendants have presented sufficient evidence to go to the jury. We find they have. They have produced letters captioned in such manner as to cause them to believe that their litigation against Borger was about to go to trial. They have produced evidence that although this litigation was undertaken on a contingent fee basis, plaintiff told them that such arrangement was out and he would no longer represent them on a contingent fee basis. They have produced evidence that the day before the trial was to start plaintiff told them he would not represent them if they did not execute the note, and that they would be unable to obtain other counsel to represent them because

of their financial inability to pay. They testified that they thought the trial scheduled the next day was a trial of their suit against Borger, and only learned to the contrary when present in the chambers of the trial judge. They stated they would not have signed the note if they had known the trial was in the Borger litigation against them. The aggregate of this testimony raised a factual issue for a jury.

We next consider whether defendants have shown they have a defense to the confessed judgment.

It is clear that if believed by a jury, their testimony shows a good defense on the grounds of failure of consideration. If the jury believes that the note was given for services in their suit against Borger, the record itself establishes a failure of consideration. After ten years, the record shows that the case is still not in position to be tried. Preliminary objections to the complaint are still undetermined on the record. While plaintiff testified concerning an amended complaint he prepared and forwarded to defendants to execute, no amended complaint has even been filed. As stated in Universal Mortgage Service Co. v. Hegarty, 69 D. & C. 2d 199, 205 (1974):

"Although not so articulated, we believe petitioners aver a simple failure of consideration, endeavoring to show that the consideration for plaintiff's fee, secured in advance by the instant note, to wit, the procurement of a mortgage commitment in the sum of $80,000, was in fact never 'received' by petitioners. A failure of consideration 'implies that a valuable consideration, moving from the obligee to the obligor, was contemplated', but never received: Meek v. Frantz, 171 Pa. 632, 33 Atl. 413 (1895). Such allegation, if proved, has always constituted a good defense against a sealed instru-

ment: Welch v. Sultéz, 338 Pa. 583, 13 A. 2d 399 (1940); Shinn et al. v. Stemler, 158 Pa. Superior Ct. 350, 45 A. 2d 242 (1946); and see 7 Standard Pa. Pract. §77 (rev. ed.), and cases cited in footnote 12. Certainly, if such defense were proved by petitioners at a trial by jury, they might well prevail."

We need not consider the issue as to whether the note was obtained by duress, since the defense of failure of consideration would require us to order the judgment to be opened. However if the testimony of defendants is believed by a jury it is sufficient to show a good defense.

We find no merit to plaintiff's claim that defendants are barred by laches. On the contrary, the record shows they acted promptly when notified that a judgment has been entered by confession. The notice was dated January 28, 1976, execution issued on March 7, 1976, and petition to open was filed March 15, 1976. We cannot say, under the circumstances, that defendants did not proceed with diligence.

### ORDER

And now, December 9, 1977, the rule heretofore granted to show cause why the judgment hereto entered to no. 533 January term, 1973, should not be opened, is hereby made absolute and petitioners are let into a defense.